FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 25 2024
TAMMY H. DOWNS, CLERK
By: [signature] DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KERRY HADLEY PLAINTIFF

VS. CASE NO. 4:24-cv-269-BSM

KISWIRE PINE BLUFF, INC. DEFENDANT

COMPLAINT

Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658), in order to recover damages against the defendant for the unlawful discriminatory employment practices that the plaintiff, Kerry Hadley, has been subjected to on account of his race. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

I.

Jurisdiction

1. Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C.S. § 1331, 1343, 1391, 42 U.S.C.S. § 1981.

2. The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in the County of Jefferson.

This case assigned to District Judge Miller
and to Magistrate Judge Ervin

II.

Parties

3. The plaintiff Kerry Hadley is an African American male, and is a resident of the United States of America.

4. The defendant Kiswire Pine Bluff, Inc. (Kiswire), is a domestic for-profit corporation, that is licensed to do business in the State of Arkansas manufacturing hose wire products and wire for tires. The agent for service of process is Adam Flock, 11601 Pleasant Ridge Rd., Suite 301, Little Rock, Arkansas 72212.

III.

Facts

5. The plaintiff Kerry Hadley started his employment with the defendant on or about August 23, 1993, working in twisting, twisting wires for steel cords.

6. In 2015, Mr. Hadley was promoted to the position of Assistant Department Manager of TW/CB/FD. Although Mr. Hadley was placed in the Assistant Department Manager's position, he was not afforded a raise.

7. TW is for Twisting Wire, CB is for Cabling, FD is Find Draw.

8. Patrick Mayfield is a Caucasian employee of Kiswire, who started with the company after the plaintiff's employment.

9. Mr. Mayfield started out in Packing (QA) – Quality Assurance, and he was later promoted to the Find Draw Supervisor, working under Mr. Hadley's supervision.

10. Mr. Mayfield later was promoted to the B-Wire Production Manager's position, without the position being posted.

11. Finally, Mr. Mayfield was promoted to the B-Wire Plant Manager's position.[1]

12. In September 2020, Mr. Hadley contracted COVID-19, and was seriously ill with the virus, having to spend some two (2) weeks in the hospital.

13. Mr. Hadley returned to work from COVID-19 relief on or about December 15, 2020.[2]

14. On January 1, 2021, Mr. Hadley was promoted to the position of Health Safety and Environmental (HSE) Manager; however, he did not receive any pay increase for this "promotion."

15. When Mr. Hadley was placed in the Health Safety and Environmental Manager's position, he was being paid less than the previous manager, Mike Barrett, who is Caucasian.

16. Mr. Barrett left Kiswire on October 30, 2020.

17. Mr. Barrett has served as the HSE manager for several years, and is believed to not have had a high school diploma.

18. During the time of Mr. Barrett's tenure as the HSE Manager, there were at least two to three OSHA complaints filed against the company, with Mr. Barrett suffering no repercussions.

19. When Mr. Hadley was promoted to the Heath Safety and Environmental Manager's position, he was working with Terrino Thomas, who was the Environmental Supervisor, working under the supervision of Mr. Hadley.

20. However, in May 2022, Mr. Thomas resigned his position with Kiswire. Mr. Thomas is an African American male.

---

[1] The B-Wire plant is where they produce wiring that goes into the edge of tires for vehicles.
[2] Mr. Hadley's mother passed away due to COVID during this time period.

21. During the summer of 2022, Patrick Mayfield placed a worker by the name of Chase Byrns in the Plater Department, where workers are exposed to high levels of lead.

22. These workers must be properly fitted with face masks and other protective equipment, and trained to work in the Plater Department.

23. When Chase Byrns was sent to the Plater Department by Patrick Mayfield, Mr. Hadley was not informed of this.

24. Mr. Mayfield violated company policies by having Mr. Byrns sent to the Plater Department, without first clearing it with HR, which would have generated a payroll status change form for Mr. Byrnes.

25. Had Mr. Mayfield followed company protocol in getting Mr. Byrns cleared to go into the Plater Department, this would have alerted Mr. Hadley to provide Mr. Byrns with the proper training, and would have given Mr. Hadley the opportunity to ensure that Mr. Byrns received the proper training and well as the proper protective equipment, and would have also allowed Hadley to properly fit Mr. Byrns with his face protective gear that also has a respirator.

26. Shortly after going into the Plater Department, Mr. Byrns was apparently exposed to high levels of lead, and received some type of lead poisoning.

27. Mr. Byrns obtained an attorney, who filed a complaint with the Occupational Safety and Health Administration (OSHA) on behalf of Mr. Byrns, which prompted a visit from said agency on August 19, 2022.

28. On December 18, 2022, Kiswire received seven (7) citations for safety violations due to the incident involving Mr. Byrns.

29. However, rather than placing the blame on Mr. Mayfield, the production manager, Kiswire chose to make Mr. Hadley the "scapegoat" for these safety violations.

30. Victoria Vanderpool is a Caucasian female, and is employed as the HR Manager for Kiswire Pine Bluff facility.

31. Sometime in March 2023, Ms. Vanderpool filled out a request to hire George Mosley as the new HSE manager to replace Kerry Hadley.

32. On March 20, 2023, Mr. Hadley was tasked with the responsibility to train Mr. Mosley, who was hired as the new HSE manager.

33. This training that Mr. Hadley had to provide to Mr. Mosely lasted until approximately November of 2023, and even to this date; Mr. Hadley still has to provide assistance to Mr. Mosely, who has demonstrated a lack of knowledge to fulfill the HSE Manager's duties and responsibilities.

34. Mr. Hadley was later moved to the Production Scheduler position.

35. When Mr. Hadley was placed in the HSE manager's position, he was not given a pay increase, and his annual salary was $60,000.00.

36. However, when George Mosley was placed in the HSE Manager's position, he was placed in the position with an annual salary of at least $69,000.00.

37. Upon information and belief, Mike Barrett was also paid more than the plaintiff while occupying the HSE manager's position.

38. Robert Lewis is an African American male, who was the B-Wire plant manager.

39. Mr. Lewis is extremely knowledgeable of the operations of Kiswire, and has always performed his job duties in admirably, and has over thirty (30) years with the defendant.

40. However, the defendant decided to demote Mr. Lewis from his position of B-Wire plant manager in 2021, while Patrick Mayfield was still the Find-Draw Supervisor, working under Mr. Hadley.

41. The company's justification for taking Mr. Lewis out of the B-Wire Plant Manager's position, a position that he had held since approximately 2016, was that there was only a need for one plant manager.

42. The defendant decided to allow Beverly Barrett, the wife of Mike Barrett, to serve as the Plant Manager, by-passing Robert Lewis.

43. Mrs. Barrett previously worked for Kiswire, but quit to leave to work for a different company.

44. However, in 2021, the defendant asked Mrs. Barrett to return to Kiswire in order to become the plant manager.

45. When Mrs. Barrett previously worked for Kiswire, she worked in the office as an administrative assistant, having no knowledge about production.

46. Despite Mr. Mayfield's violating company policies and protocols in putting Mr. Byrns in the Plater Department without the proper training and equipment, which led to the company receiving citations from OSHA violations, he was placed in the B-Wire Plant Manager's position, moving Mr. Lewis out of the position.

47. Kiswire has a history of devaluing African Americans, while providing high value to Caucasian employees, which was demonstrated when it demoted Mr. Hadley from his position, and also demoted Mr. Lewis from his position.

48. Furthermore, Kiswire has a history of paying Caucasian employees for the more money than they pay African Americans, who performed the same or similar job duties.

## IV.
## 42 U.S.C. § 1981

49. The plaintiff incorporates by reference the allegations contained in paragraphs 1-48 of the plaintiff's complaint, and adopts each as if set out herein word for word.

50. The defendant has subjected the plaintiff to varied terms and conditions of his employment contract, all on account of his race, in violation of his rights as protected by 42 U.S.C. § 1981.

51. The defendant has subjected the plaintiff to disparate treatment on account of his race in violation of 42 U.S.C. § 1981, in that Caucasian employees similarly situated to the plaintiff were afforded pay raises when they received promotions and were paid more for performing the same or similar duties.

52. When the plaintiff was placed in the position of Assistant Department Manager of TW/CB/FD in 2015, he was not provided with a pay increase and was paid less, as other Caucasian employees were afforded, in violation of 42 U.S.C. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658).

53. When the plaintiff was placed in the Health Safety and Environmental (HSE) Manager's position in January 2021, he was not afforded a pay increase as other Caucasian employees were afforded, in violation of 42 U.S.C § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658).

54. The acts of discriminating against the plaintiff in denying him proper pay and pay raises, are continuing in nature, and persists to this date, in that the plaintiff has been and continues to be afforded less favorable terms and conditions of his employment as enjoyed by similarly situated white employees, in violation of 42 U.S.C § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658).

55. Furthermore, the plaintiff has been demoted from his position of Health Safety and Environmental (HSE) Manager's position, when he was removed from said position in May 2023,

after he was blamed for OHSA violations that were issued to the defendant, based on the actions of Patrick Mayfield, who placed an employee in the Plater Department, without proper PPE

56. Blaming the plaintiff rather than placing the blame on Patrick Mayfield, who is a Caucasian employee, subjected to the plaintiff to terms and conditions of his employment contract, that were less favorable to him, on account of his race, while providing white employees such as Mr. Mayfield, more favorable terms and conditions of their employment contract on account of their race, in violation of 42 U.S.C § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658).

## V.
## Damages

57. The plaintiff incorporates by reference the allegations contained in paragraphs 1-56 of the plaintiff's complaint, and adopts each as if set out herein word for word.

58. As a direct and proximate cause of the discriminatory practices that the defendant subjected the plaintiff to on account of his race, the plaintiff has suffered economic loss by way of lost wages in an amount to be proven at the trial of this matter.

59. Furthermore, due to the discriminatory acts of the defendant, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at the trial of this matter.

60. Also, the defendant subjected the plaintiff to these discriminatory practices with malice or in reckless disregard to the plaintiff's federally protected rights, making an award of punitive damages warranted.

## JURY DEMAND

61. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

a. declare that the plaintiff has been subjected to unlawful discriminatory practices on account of his race;

b. reinstatement and back pay;

c. compensatory and punitive damages;

d. attorney's fees;

e. the cost of prosecuting this action;

f. and for all other equitable, legal, and just relief.

Respectfully submitted,

PORTER LAW FIRM
The Catlett-Prien Tower
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By: ______________________
Austin Porter Jr., No. 86145

Dated this 25th day of March 2024.