IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KERRY HADLEY**                                                                                          **PLAINTIFF**

v.                                           **CASE NO. 4:24-CV-00269-BSM**

**KISWIRE PINE BLUFF, INC.**                                                         **DEFENDANT**

## ORDER

Defendant's motion for summary judgment [Doc. No. 11] is granted on plaintiff's race discrimination claims based on pay disparity and denied on his claims based on disparate disciplinary treatment.

### I. BACKGROUND

The undisputed facts as set forth in plaintiff's response to defendant's statement of undisputed material facts (SUMF), Doc. No. 31, are as follows.

Kerry Hadley is a black man who has been employed by Kisswire since 1993. SUMF ¶¶ 12 and 14. In January 2021, Hadley became a Health Safety and Environmental (HSE) Manager tasked with health and safety. *Id.* ¶ 59. Terrino Thomas was the environmental specialist overseeing environmental regulatory compliance and chemical exposure, including lead. *Id.* ¶¶ 56–57. Hadley received periodic raises, however, his pay was not increased when he received this assignment. *Id.* ¶¶ 21–23, 60–61, and 117. Although the position of HSE Manager required the employee to have a bachelors degree or five years of HSE experience in a manufacturing environment; familiarity with applicable health, safety, and environmental laws; and excellent knowledge and ability to manage compliance programs,

Hadley did not have any of those qualifications at the time he was given the position. *Id.* ¶¶ 65–67. Hadley, however, received training after accepting the role. *Id.* ¶ 68. In May 2022, Thomas left Kiswire and Hadley absorbed his duties such as ensuring that employees' lead exposure was within permissible limits. *Id.* ¶¶ 57 and 70.

In the summer of 2022, an employee filed a complaint with the Occupational Safety and Health Administration (OSHA) after his lead levels were found to be high. SUMF ¶¶ 75 and 78. In response, Kiswire called for an evaluation and improvement of its environmental safety program. *Id.* ¶ 80. Although Hadley took steps to implement changes in the environmental safety program, in November 2022, testing still showed higher than permissible lead levels. *Id.* ¶¶ 85–86. OSHA conducted an inspection of Kiswire in December 2022 and found seven serious violations, including employees' lead concentrations being high. *Id.* ¶¶ 88–90. Some of the violations existed before Hadley became the HSE manager. *Id.* ¶ 94 Hadley was transferred to the role of production scheduler and George Mosley was hired as HSE Manager. *Id.* ¶¶ 108–113 and 115–116.

Hadley is suing for race discrimination and Kiswire is moving for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336,

340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

Kiswire's motion for summary judgment is granted on Hadley's pay disparity claim and denied on his disparate treatment claim.

Hadley does not have direct evidence of race discrimination, so he is attempting to show that discrimination can be inferred by Kiswire's actions. *See Harris v. Hays,* 452 F.3d 714, 717–18 (8th Cir. 2006); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). This requires Hadley to establish a *prima facie* case of discrimination. *Id.* If he does this, the burden shifts to Kiswire to provide legitimate non-discriminatory reasons for each of its decisions. *Id.* If Kiswire meets this burden, the burden shifts back to Hadley to show that the reasons provided by Kiswire are merely pretext for discrimination. *Id.* at 804.

A.   <u>Pay Disparity</u>

Summary judgment is granted on Hadley's pay disparity claim. To create an inference of discrimination, Hadley must show that he (1) is a member of a protected class; (2) met Kiswire's expectations; (3) suffered adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 964 (8th Cir. 2023). Hadley is a member of a protected class and it is assumed that he met

Kiswire's expectations although the parties presented no argument on this point. An adverse employment action is one that produces an employment disadvantage and Hadley argues that being paid less than white men who held the HSE position is an employment disadvantage. *See Muldrow v. City of St. Louis, Mo.*, 601 U.S. 346, 359 (2024); *Smith v. URS Corp.*, 803 F.3d 964, 970 (8th Cir. 2015). To meet the fourth element, Hadley argues that discrimination can be inferred by the fact that white men, Mike Barrett and George Mosley, were paid more than he was for doing the same work. *See* Pl.'s Br. Supp. Opp. Def.'s Mot. Summ. J. ("Hadley Br.") at 17.

Hadley's problem, however, is that he has not shown that he is similarly situated to either Mosley or Barrett. *Williams v. United Parcel Serv., Inc.*, 963 F.3d 803, 809 (8th Cir. 2020) (comparator must be similarly situated in all relevant respects). Hadley admits that Mosley was more highly educated than he was and had more experience in environmental safety based on experience at another company. SUMF ¶¶ 110–112; *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 864 (8th Cir. 2008) (employees hired externally and from a competitor were not similarly situated to plaintiff who was promoted through the ranks of defendant company). Further, Hadley admits that Barrett was in the HSE manager position from December 2013 to February 2020 and then served as the HSE Manager on an interim basis. *Id.* ¶ 42. When Hadley accepted the position, he had no health and safety background and he had no environmental background. *Id.* ¶ 66. Barrett also had prior experience with hazardous waste disposal, local, state, and federal regulations of environmental compliance, and safety management. *Id.* ¶ 46; *Stone v. McGraw Hill Fin., Inc.*, 856 F.3d 1168, 1174 (8th

4

Cir. 2017); *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 865 (8th Cir. 2008) (where comparator had more experience in the industry and had been with the company longer he was not similarly situated). For these reasons, Hadley was not similarly situated to these comparators and has failed to established a *prima facie* case of discrimination.

      B.      <u>Manager Transfer</u>

Summary judgment is denied on Hadley's discrimination claim based on his removal from the HSE Manager position. Hadley argues that he was removed from the HSE Manager position as a form of punishment for the lead exposure incident involving the employee who complained to OSHA. *See* Hadley Br. at 24. Hadley must establish a *prima facie* case by showing (1) he is a member of a protected group; (2) he was qualified to perform his job; (3) he suffered an adverse employment action; and (4) non-members of his class were treated differently. *Jones v. Reliant Energy-ARKLA*, 336 F.3d 689, 691 (8th Cir. 2003). Hadley is a member of a protected group and he suffered an adverse employment action when he was removed from his position as HSE Manager. *Davis v. City of Sioux City*, 115 F.3d 1365, 1369 (8th Cir. 1997) (job transfer was adverse action, despite salary increase, when new job lacked supervisory status, had fewer opportunities for salary increases, and offered little chance for advancement). Despite Kiswire giving Hadley the HSE Manager position, it argues that he was not qualified for it. Reply Supp. Mot. Summ. J. at 8, 12, 20, and 25. Because of this, a genuine issue of material fact exists as to Hadley's qualifications.

Kiswire contends that Hadley was not disciplined based on the lead exposure incident, rather it was Hadley's inability to properly respond to the events following the lead exposure

incident that made Kiswire move him to a different position, which is a legitimate non-discriminatory reason. Br. Supp. Mot. Summ. J. at 13–14, Doc. No. 12; *Lidge-Myrtil v. Deere & Co.*, 857 F. Supp. 666, 671 (W.D. Mo. 1994), aff'd, 49 F.3d 1308 (8th Cir. 1995). While not entirely clear, it seems Hadley claims this is pretext because Patrick Mayfield, the person who supposedly put the employee in the plater department without proper notice, leading to the high lead levels, was not disciplined, and was even promoted. Hadley Br. at 24. This is enough to create a factual issue for a jury to resolve.

## IV. CONCLUSION

For these reasons, Kiswire's motion for summary judgment is granted on Hadley's pay disparity claim and denied on his disparate disciplinary treatment claim.

IT IS SO ORDERED this 3rd day of November, 2025.

_____
UNITED STATES DISTRICT JUDGE